1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   LONNIE BURTON,                          CASE NO. 3:23-cv-5117 MJP-DWC

11                      Plaintiff,            ORDER ON REPORT AND
                                             RECOMMENDATION
12          v.

13   DENISE WILKIE, et al,

14                      Defendant.

15

16          This matter comes before the Court on Plaintiff's Objections to the Report and

17   Recommendation of Magistrate Judge David W. Christel ("R&R") (Dkt. No. 75), Defendants'

18   Objections to the R&R (Dkt. No. 76), Plaintiff's Response to Defendants' Objections (Dkt. No.

19   77), Defendants' Response to Plaintiff's Objections (Dkt. No. 79), and Motion to Strike Portions

20   of Defendants' Response (Dkt. No. 80). Having reviewed the R&R, the Objections, the

21   Reponses, Plaintiff's Motion, and all supporting materials, the Court ADOPTS the R&R and

22   GRANTS Plaintiff's Motion to Strike.

23
24

**BACKGROUND**

Plaintiff Lonnie Burton is an inmate confined at Stafford Creek Corrections Center ("SCCC"). Burton brings federal and state law claims after he received infractions for allegedly possessing pictures of males in their underwear and swimwear. (R&R at 2.) Burton contends, among other things, that he was not afforded proper due process or a meaningful appeal regarding the infractions. (Id.)

In July 2020, a Prison Rape Elimination Act ("PREA") report against Burton was issued based on an inmate report. (R&R at 4.) The reporting inmate claimed Burton disclosed that he had pictures of little boys on his JPay tablet. (Id.) Burton also allegedly made statements that the reporting inmate felt were threatening. (Id.) Based on this report, the Washington State Department of Corrections ("DOC") placed Burton in administrative segregation pending an investigation into the alleged threats against the other inmate. (Id. at 5.) Burton remained there for a month until it was determined the allegations of threat were unsubstantiated. (Id.) The DOC also conducted an investigation into the photos Burton possessed. Defendant Wilkie, an investigator with the Intelligence and Investigations Unit, searched Burton's cell and his JPay tablet and "saw many pictures of very young looking males in various stages of undress." (Id.) At least one of the photos was confirmed to be of a minor. (Id.) After Wilkie completed her investigation, she determined sufficient evidence existed to support finding Burton violated Washington Administrative Code ("WAC") 718, which prohibits using the mail, telephone, or electronic communications in violation of any law, court order or previous written warning, direction, and/or documented disciplinary action, and WAC 728, which prohibits the possession of any sexually explicit material(s) as defined in WA 137-48-020. (Id.) Wilkie issued Burton an Initial Series Infraction Report for the violations. (Id.) Burton received a hearing for the

1    infractions, and was ultimately charged with a violation of WAC 718 and 728. (Id. at 6.) As a

2    result, Burton was sanctioned to his cell for ten days, with credit for time already served in

3    administrative segregation, and thirty days loss of his JPay tablet. (Id.)  Burton appealed this

4    decision, and his appeal was denied. (Id.)

5           Burton then commenced this action against Wilkie and others, alleging violations of his

6    constitutional rights under the Fifth and Fourteenth Amendments and state laws for the

7    circumstances surrounding the infractions. (R&R at 1.) Burton initially filed the lawsuit in state

8    court, and Defendants later removed the action to federal court and moved for summary

9    judgment. Judge Christel issued a Report and Recommendation that the Court: (1) dismiss

10   Burton's claims against the DOC for improperly naming an entity of the state as a Defendant; (2)

11   dismiss Burton's Fifth Amendment due process and equal protection claims because the Fifth

12   Amendment applies to the federal government and not state actors; (3) dismiss Burton's

13   Fourteenth Amendment due process claims because Burton fails to demonstrate a liberty interest

14   is implicated in his claims; (4) dismiss Burton's Fourteenth Amendment equal protection claims

15   because Burton's claims are conclusory; (5) dismiss Burton's conspiracy claims because Burton

16   fails to provide support to sustain a conspiracy claim; and (6) decline to exercise supplemental

17   jurisdiction over Burton's remaining state law claims and remand them back to state court.

18   Burton opposes the dismissal of his federal claims, but poses no objections to the

19   recommendation that remaining state law claims be remanded to state court. In contrast,

20   Defendants object to this latter recommendation and ask the Court to exercise supplemental

21   jurisdiction and dismiss Burton's remaining claims. The Court finds the R&R to be sound and is

22   unpersuaded by the parties' objections.

23

24

**ANALYSIS**

**A.      Legal Standards**

When a party objects to any portion of the Magistrate Judge's Report and Recommendation, the District Court must make a de novo determination of that portion of the Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009). The Ninth Circuit has determined that "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000).

Given that this matter comes before the Court on Defendants' Motion for Summary Judgment, the Court reviews the applicable standard under Federal Rule of Civil Procedure 56. Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. Id. at 248. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. Anderson, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a

1  genuine issue of material fact, "the moving party is entitled to judgment as a matter of law."

2  <u>Celotex</u>, 477 U.S. at 323-24.

3  **B.    Plaintiff's Objections**

4      Burton does not challenge all of the Magistrate Judge's findings, only the ones that

5  recommend dismissing his Fourteenth Amendment due process and equal protection claims.

6  Plaintiff's primary contentions with the R&R lie with the factual findings. But, even if the Court

7  takes Plaintiff's factual allegations as true, the outcome does not change.

8          1.    <u>Due Process Claims</u>

9      Burton claims the Magistrate Judge erred in stating that at Burton's hearing for his

10  infraction he was allowed to present his defense and he received a written summary and decision

11  afterwards. (Objections at 3.) According to Burton, he was not allowed to present a full defense

12  because a decision was made halfway through the hearing. (<u>Id.</u>) Additionally, Burton claims his

13  due process rights at the hearing were violated because (1) there was a lack of evidence to

14  support the infraction, (2) the hearing officer ignored the WAC definition of "sexually explicit",

15  (3) the hearing officer did not allow telephonic testimony, and (4) there were inadequate written

16  findings. (<u>Id.</u>) The infractions then led to loss of good time credits and his job.

17      The Due Process Clause protects prisoners from being deprived of life, liberty, or

18  property without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974) (citations

19  omitted). A due process claim under the Fourteenth Amendment can only be maintained where

20  there exists a constitutionally cognizable liberty or property interest with which the state has

21  interfered. <u>See</u> <u>Bd. of Regents of State Colls. v. Roth</u>, 408 U.S. 564, 569 (1972). A liberty

22  interest "may arise from the Constitution itself . . . of it may arise from an expectation or interest

23  created by state laws or policies." <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221 (2005). The Supreme

24

Court has held that prisoners have "no liberty interest in freedom from state action taken within the sentence imposed," unless such action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). "If the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied due process." Ramirez v. Galaza, 334 F.3d 850, 86-61 (9th Cir. 2003) (citing Sandin, 515 U.S. at 484).

The Magistrate Judge recommended the Court dismiss Burton's due process claims because Burton failed to show a liberty interest was implicated as a result of his infraction. The Court agrees. Burton's infractions were the result of DOC action taken while Burton serves out his sentence. Burton does not claim that the loss of employment and good time credits are atypical punishments flowing from an infraction or that they created a significant hardship. And as the Magistrate Judge pointed out, a prison job and good time credits are not protected interests under the Due Process clause. Therefore, regardless of what happened in the hearing, because Burton fails to point to a legally protected interest that the DOC deprived him of as a result of the lack of due process from the hearing, his due process claim fails.

Burton also alleges his due process rights were violated when the DOC expunged one of the infractions after Burton filed a Personal Restraint Petition ("PRP") to challenge it. (Objections at 10.) Burton claims the expungement deprived the state court a chance to rule on Burton's due process claims made in the PRP. Burton's argument here fails because a PRP is simply a way for an individual to challenge a conviction or sentence, it is not the same as filing a due process claim. And Burton later commenced this action alleging a due process violation, so it cannot be that the DOC's expungement of one of the infractions violated his due process rights by denying him access to the Courts.

1    The Court ADOPTS the R&R's recommendation regarding Burton's Due Process claims

2  and DISMISSES his due process claims with prejudice.

3        2.    Equal Protection Claims

4    Burton asserts that his equal protection rights were violated when Defendants

5  discriminated against him based on his sexual orientation. (R&R at 12.)

6    "The Equal Protection Clause of the Fourteenth Amendment commands that no State

7  shall deny to any person within its jurisdiction the equal protection of the laws, which is

8  essentially a direction that all persons similarly situated should be treated alike." City of

9  Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation and internal quotation

10  marks omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection

11  Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an

12  intent or purpose to discriminate against the plaintiff based upon membership in a protected

13  class." Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation omitted).

14    The R&R recommends dismissing this claim with prejudice because Burton failed to put

15  forth sufficient evidence to create a genuine issue of material fact. In response, Burton argues the

16  Magistrate Judge misconstrued his claim – he did not allege the pictures were confiscated

17  because of his sexual orientation; rather, Burton alleges that prison staff treat prisoners who

18  possess pictures of men differently than those who possess pictures of females. (Objections at 8.)

19    The Court finds the adoption of the Magistrate Judge's recommendation is warranted

20  here. Burton's arguments are essentially the same – prison staff treating men who possess

21  pictures of men differently than they treat men who possess pictures of women is discrimination

22  based on sexual orientation. Burton acknowledges this in his Objections by referring to the

23  difference as "gay vs. straight." (Objections at 8.) And Burton's allegations here are merely

24

1    conclusory. Exhibit 6 filed in support of Burton's Response to Defendant's Motion Opposing

2    Summary Judgment is a transcript of the hearing for Burton's infractions. (Dkt. No. 55.) A

3    review of the transcript shows that the hearing officer is focused on the age of the individuals in

4    the photos, and whether the photos were sexually explicit, which was the DOC's rationale for

5    issuing the infractions. (See Ex. 6 at 21-25.) Ultimately, the hearing officer dismissed the

6    infraction for having photos of minors because the age could not be proven, but found Burton

7    guilty of the infraction of having sexually explicit materials. (Id. at 39.) Notably, the hearing

8    officer stated that if these photos were of young women showing similar parts, then those would

9    be considered sexually explicit as well. (Id. at 42.) Burton's own offered evidence demonstrates

10   the PREA allegations against him were investigated and one of the two infractions was dismissed

11   for lack of evidence. What his evidence fails to do is demonstrate that Defendants discriminated

12   against him based on his sexual orientation.

13          The Court ADOPTS the R&R's recommendation and DISMISSES Burton's equal

14   protection claims with prejudice.

15   **C.     State Law Claims**

16          Burton asserts the following state law claims against Defendants: (1) conspiracy; (2)

17   violation of employment laws; (3) libel, slander, and false reporting; (4) due process; and (5) loss

18   of consortium. (R&R at 15.) Given that Burton's federal claims have all been dismissed, the

19   R&R recommends remanding the state law claims back to state court. The Court agrees.

20          Section 1367(c)(3) permits a district court to exercise discretion and decline supplemental

21   jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §

22   1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the

23   balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy,

24

1    convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the

2    remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

3    "Needless decisions of state law should be avoided both as a matter of comity and to promote

4    justice between the parties, by procuring them a surer-footed reading of applicable law." United

5    Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

6         The factors here do not weigh in favor of retaining jurisdiction. Burton's state law claims

7    here do not create such a substantial overlap of his federal claims such that analyzing the merits

8    of his state law claims would be efficient. Although the parties have engaged in substantive

9    motion practice, the Court has not made substantive rulings on Burton's state law claims. The

10   R&R dealt with Burton's federal claims, but did not analyze the merits of his state law claims.

11   Similarly, this Court's review of the R&R only looks substantively at Burton's objections to the

12   R&R's recommendation of his federal law claims. And the Court notes that the state court is

13   better positioned to handle the claims of an inmate held in a state prison asserting state claims

14   regarding his confinement.

15        Defendants object to the R&R's recommendation that the state law claims be remanded

16   arguing that Burton had the opportunity to brief his state law claims in his response to their

17   motion for summary judgment, but did not. (Defendants' Objections at 3-8.) While that may be

18   true, because the claims were not reviewed by the Magistrate Judge a Court would need to

19   review and determine the merit of those claims. The Court finds the state court is the best court

20   to make that determination.

21        The Court ADOPTS the R&R's recommendation to remand Burton's remaining state law

22   claims to state court. Burton asks the Court to clarify what this remand means. It means that

23   Magistrate Judge did not rule on Defendants' motion for summary judgment with regard to his

24

1   state law claims. Instead, the claims are being sent back to state court where a state court judge

2   will oversee the remaining claims.

3   **D.      Burton's Motion to Strike**

4          Burton moves to strike portions of Defendants' responses to his objections to the R&R.

5   (Dkt. No. 80.) Burton contends that parts of Defendants' response to his objections are actually a

6   reply to his response to Defendants' objections. Burton points to Defendants' citation to his

7   response brief in their response brief - "Additionally, Plaintiff now asserts that Defendants did

8   not move for summary judgment on his tort claim for loss of property (pictures). *See* Dkt. 77 at

9   1." (Defendants' Response to Plaintiff's Objections at 7.) Burton is correct that Defendants

10  argument here is essentially a reply to his response brief in violation of Local Rule 72(b). As

11  such, the Court STRIKES this portion of Defendants' argument.

12                                     **CONCLUSION**

13         The Court ADOPTS the R&R in its entirety. The Court finds summary judgment is

14  warranted for Burton's federal claims The Court  (1) DISMISSES Burton's claims against the

15  DOC for improperly naming an entity of the state as a Defendant; (2) DISMISSES Burton's

16  Fifth Amendment due process and equal protection claims because the Fifth Amendment applies

17  to the federal government and not state actors; (3) DISMISSES Burton's Fourteenth Amendment

18  due process claims because Burton fails to demonstrate a liberty interest is implicated in his

19  claims; (4) DISMISSES Burton's Fourteenth Amendment equal protection claims because

20  Burton's claims are conclusory; (5) DISMISSES Burton's conspiracy claims because Burton

21  fails to provide support to sustain a conspiracy claim; and (6) DECLINES to exercise

22  supplemental jurisdiction over Burton's state law claims. The Court REMANDS Burton's

23  remaining state law claims back to state court. Finally, the Court finds Defendants improperly

24

1 included an argument that was a reply to Burton's response brief. The Court GRANTS Burton's

2 Motion to Strike and STRIKES Defendants' argument in the response brief (Dkt. No. 79 at 7:1-

3 9).

4    The clerk is ordered to provide copies of this order to all counsel.

5    Dated May 3, 2024.

6

7         Marsha J. Pechman
          United States Senior District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON REPORT AND RECOMMENDATION - 11